UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HUMBERTO PRECIADO,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE, et. al.,<br><br>    Defendants. | Case No. 13-00382 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Re ECF No. 11] |

**INTRODUCTION**

Plaintiff Humberto Preciado ("Mr. Preciado"), proceeding *pro se*, sued Wells Fargo Home Mortgage ("Wells Fargo") and NDEX West, LLC ("NDEX") (collectively, "Defendants"), asserting four claims following the foreclosure of his property in Pittsburg, California: (1) Quiet Title; (2) Injunctive Relief; (3) Declaratory Relief and (4) Cancellation of Instrument. *Id* at 5-7. Wells Fargo moved to dismiss the claims as preempted by the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.* and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). Motion, ECF No. 11 at 2. NDEX joined the motion. Notice of Joinder, ECF No. 22. Upon consideration of the papers submitted and the record in this case, the court finds this matter suitable for decision without a hearing under Civil Local Rule 7-1(b) and **GRANTS** the motion to dismiss.

Order (CV-13-00382 LB)

**STATEMENT**

**I. BACKGROUND**

The relevant facts, taken from Mr. Preciado's complaint and documents that the court judicially notices[1], are as follows.

On or about May 19, 2005, Mr. Preciado borrowed $300,000 from World Savings Bank, ("World Savings"), a federal savings banks. Complaint, ECF No. 1, ¶ 13; Attachment to Complaint, ECF No. 1 at 8. The loan was secured by a deed of trust recorded against real property located at 46 Delta Drive, Pittsburg, California 94565 (the "Property"). *Id.* at 9. Under the deed of trust, World Savings was the beneficiary and Golden West Savings Association Service, Co. ("Golden West") was the trustee. *Id.*

Subsequently, World Savings was renamed Wachovia Mortgage, FSB on December 31, 2007. Ex D to Request for Judicial Notice ("RJN"), ECF No. 12 at 35. On November 1, 2009, Wachovia Mortgage, FSB was converted to a national bank with the name Wells Fargo Bank Southwest, N.A., and merged into Wells Fargo. Ex. F to RJN, ECF No. 12 at 41.

Mr. Preciado made payments on his mortgage "until he reached a financial hardship." Complaint, ECF No. 1, ¶ 17; *see* Notice of Default, Ex. H to RJN, ECF No. 12 at 2 (alleging a failure to make payments since December 1, 2011). On July 10, 2012, NDEX recorded a notice of default against the Property. Ex. H to RJN, ECF No. 12 at 45; *see* Complaint, ECF No. 1, ¶ 18. The Notice of Default says that the amount past due was 10,593.17. Ex. H to RJN, ECF No. 12 at 45. A few days thereafter, NDEX was substituted as trustee under the deed of trust. Complaint, ECF No. 1, ¶ 18; Ex. I to RJN, ECF No. 12 at 50. On October 9, 2012, a notice of sale was recorded on the Property with a sale date set for December 3, 2012. Ex. J to RJN, ECF No. 12 at 53. That document reflected an estimated amount unpaid and costs of $276,814.93. *Id.*

**II. Mr. PRECIADO'S CLAIMS AND FAILURE TO OPPOSE THE MOTIONS**

Mr. Preciado seeks a judicial determination that the deed of trust is "ineffective and [a] legal nullity." Complaint, ECF No. 1, ¶ 25. He alleges that Wells Fargo "caused the note to be sold

---

[1] See the discussion on judicial notice in the analysis section.

over and over to different investors." *Id.* ¶ 15. In selling the promissory note to investors, the Note and Deed were separated, which Mr. Preciado alleges causes "a complete breach of the Deed of trust." *Id.* Moreover, Mr. Preciado complains that Wells Fargo "acted as if they were the actual beneficiary although a Nominee is an entity in whose name a security is registered through true ownership is held by another party, in other words Wells [Fargo] Bank is not the Beneficiary but used to hide the true identity of the Beneficiary." *Id.* Due to "this failure to disclose, and lack of consideration paid by Wells [Fargo] Bank, Plaintiff allege that the Deed of Trust were never perfected and are nullity as the Wells [sic] [Fargo] [B]ank recording separates the debt from the Lien, and this is more so especially upon a sale of the note and Trust Deed." *Id.* Basically, Mr. Preciado alleges two theories: (1) the separation of the note and deed of trust nullified and made it void; and (2) Defendants are not in possession of the note and therefore, lack authority to enforce it. *Id.* ¶¶ 20, 22-23.

Mr. Preciado did not file an opposition or a statement of non-opposition to the motion to dismiss, as required by Civil Local Rule 7-3(b).

## ANALYSIS

Wells Fargo asks the court to take judicial notice of certain documents and argues that Mr. Preciado's state-law claims are preempted under HOLA, that his claims for damages are barred by statutorily-privileged mailings and deliveries of notices, and that he does not state a claim under Rule 12(b)(6). Motion, ECF No. 11; Joinder, ECF No. 22.

### I. JUDICIAL NOTICE

Defendants ask the court to take judicial notice under Federal Rule of Evidence 201 of the following items:

1. Adjustable Rate Mortgage Note dated on May 19, 2005 (Exhibit A);
2. Deed of Trust recorded in the official records of the Contra Costa County Recorder's Office on May 31, 2005, as Document Number 2005-0193732-00 (Exhibit B);
3. Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift Supervision (OTS), Department of the Treasury (Exhibit C);

3

    4. Letter dated November 19, 2007 from the OTS, issued by the Office of Thrift Supervision, Department of the Treasury (Exhibit D);

    5. Charter of Wachovia Mortgage, FSB, signed by OTS (Exhibit E);

    6. Official Certification from the Comptroller of the Currency indicating that Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. (Exhibit F);

    7. Printout from the website of the FDIC showing the history of Wachovia Mortgage, FSB (Exhibit G);

    8. Notice of Default and Election to Sell Under Deed of Trust recorded in the official records of the Contra Costa Recorder's Office on July 10, 2012, as Document Number 2012-0162478-00 (Exhibit H); and

    9. Notice of Trustee Sale recorded in the official records of the Contra Costa Recorder's Office on October 19, 2012, as Document Number 2012-0248502-00 (Exhibit J).

In deciding a motion to dismiss, the court generally considers the allegations in the pleadings and the exhibits attached to the complaint, though it may also consider material incorporated by reference into the complaint and matters of public record without converting the motion to dismiss into a motion for summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Documents are incorporated into the complaint by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Id.*

With respect to Exhibit A, the court grants judicial notice because Mr. Preciado incorporates it by reference in his complaint.

Exhibits B and H through J are public records, and the court takes judicial notice of them. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). To be cautions, the court takes judicial notice only of undisputable facts (such as the fact of filing or the fact that the document states something to give context, as opposed to for the truth of the matter asserted.)

4

1    With respect to Exhibits C through F, judicial notice is appropriate because those documents
2 reflect the official acts of the executive branch of the United States, pursuant to Rule 201(b)(2).
3 RJN, ECF No. 12 at 3; *Hite v. Wachovia Mortgage*, Case No. 09-02884-GEB-GGH (E.D. Cal.
4 June 10, 2010); *Hague v. Wells Fargo Bank, N.A.*, C11-02366 TEH, 2011 WL 3360026 (N.D. Cal.
5 Aug. 2, 2011) (taking judicial notice of documents reflecting "official acts of the executive branch
6 of the United States") (citation omitted). Judicial notice is also appropriate for Exhibit G, because
7 it is information obtained from a governmental website. S*ee Cachil Dehe Band of Wintun Indians
8 of the Colusa Indian Comm'ty v. California,* 547 F.3d 962, 968–69 n.4 (9th Cir. 2008) (taking
9 judicial notice of gaming compacts located on official California Gambling Control Commission
10 website); *Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n.2 (9th
11 Cir. 2006) (taking judicial notice of "public records" that "can be accessed at Santa Monica's
12 official website"); *Paralyzed Veterans of Am. v. McPherson*, C064670SBA, 2008 WL 4183981
13 (N.D. Cal. Sept. 9, 2008) (holding that judicial notice of information appearing on and printed
14 from official government websites is proper).

## II. HOLA PREEMPTION (WELLS FARGO)

16    Wells Fargo contends that Mr. Preciado's state-law claims against it are statutorily preempted
17 under HOLA. Motion, ECF No. 11 at 12-15.
18    HOLA created the Office of Thrift Supervision ("OTS") to administer the statute, and "it
19 provided the OTS with 'plenary authority' to promulgate regulations involving the operation of
20 federal savings associations." *State Farm Bank v. Reardon,* 539 F.3d 336, 342 (6th Cir.
21 2008). Under one of those regulations, 12 C.F.R. § 560.2, OTS makes clear that it "occupies the
22 entire field of lending regulation for federal savings associations," leaving no room for conflicting
23 state laws. The regulation goes on to provide a non-exhaustive list of examples of state laws that
24 are expressly preempted. *See* 12 C.F.R. § 560.2(b). If the type of law in question is listed in 12
25 C.F.R. § 560.2(b), it is preempted. *Silvas v. E Trade Mortgage Corp.*, 514 F.3d 1001, 1005 (9th
26 Cir. 2008). "Even state laws of general applicability, such as tort, contract, and real property laws,
27 are preempted if their enforcement would impact federal savings associations in areas listed in §

560.2(b)." *Stefan v. Wachovia*, C 09-2252 SBA, 2009 WL 4730904, at *3 (N.D. Cal. Dec. 7, 2009) (holding all of plaintiffs' state law claims regarding the foreclosure process, such as wrongful foreclosure, and plaintiff's claim that the terms of the loan were unconscionable, were preempted by HOLA).

The court considers (A) whether HOLA applies to Wells Fargo, and (B) whether HOLA applies to Mr. Preciado's claims.

**A. HOLA's Application to Wells Fargo**

The HOLA regulations promulgated by OTS apply only to federal savings associations. Because Mr. Preciado's loan originated with World Savings, a federal savings association, and Wells Fargo is the successor-in-interest to World Savings with respect to Mr. Preciado's loan, Wells Fargo argues that HOLA applies. Motion, ECF No. 11 at 13 n.3; Ex. F to RJN, ECF No. 12. Courts have held that a success-in-interest may properly assert HOLA preemption even if the successor is not a federal savings association. *See Appling v. Wachovia Mortgage, FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010) ("although Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated with a federal savings bank") (citation omitted). Therefore, the fact that World Savings subsequently became Wachovia and later merged into Wells Fargo, which is not a federal savings bank, does not render HOLA inapplicable where, as here, the loan originated with a federal savings bank.

Accordingly, with respect to Mr. Preciado's loan, HOLA applies to Wells Fargo. The question then is whether all of Mr. Preciado's claims are preempted.

**B. HOLA's Application to Mr. Preciado's Claims**

Wells Fargo argues that Mr. Preciado's claims relate to the processing and servicing of the mortgage under 12 C.F.R. § 560.2(b). In *Castillo v. Wachovia*, the district court held that HOLA preempted plaintiff's claims based on the argument that defendants did not have authority to foreclose his home because the deed of trust was void from being sold to various investors.

> Although Plaintiff's allegations are not entirely clear and he only explicitly alleges a quiet title claim, the gravamen of his complaint is essentially that Defendants

6

>   wrongfully foreclosed on his home and that he is the rightful owner of the subject property. Plaintiff alleges that Defendants did not have the authority to foreclose because they failed to produce the promissory note, MERS has "sold the Deed of Trust over and over[,] and the true beneficiary is unknown and has separated the Note and Deed of Trust making the deed of trust null and void." Such claims, based on Defendants' alleged failure to follow proper procedures in maintaining and servicing a loan and failure to demonstrate their authority to foreclose, have consistently been determined to fall under the umbrella of claims preempted by HOLA.

C-12-0101 EMC, 2012 WL 1213296, at *5 (N.D. Cal. Apr. 11, 2012) (citations omitted). As in *Castillo*, Mr. Preciado explicitly alleges only a quiet title claim but the focus of his allegation is that Defendants did not have authority to foreclose his home. Complaint, ECF No. 1, ¶¶ 20-23. In addition, Mr. Preciado similarly alleged that Wells Fargo "has sold the note over and over again[, and] the true beneficiary is unknown and has separated the note and deed of trust making the deed of trust void and null." *Id.* ¶ 20. Therefore, the undersigned holds, as in *Castillo*, that Mr. Preciado's allegations are preempted by HOLA because it relates to the maintaining and servicing of loans.

Accordingly, the court concludes that Mr. Preciado's claims against Wells Fargo are preempted by HOLA and dismisses all state claims against Wells Fargo with prejudice.

## III. FAILURE TO STATE A CLAIM

The court now reaches the other arguments to the extent they are also relevant to NDEX.

### A. Legal Standard

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly* , 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

7

1 a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be
2 enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal
3 citations and parentheticals omitted).

4 In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true
5 and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,*
6 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County* , 487 F.3d 1246, 1249 (9th Cir.
7 2007). In addition, courts may consider documents attached to the complaint. *Parks School of*
8 *Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court
9 dismisses the complaint, it should grant leave to amend even if no request to amend is made
10 "unless it determines that the pleading could not possibly be cured by the allegation of other
11 facts." *Lopez v. Smith* , 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe,*
12 *Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a
13 party repeatedly fails to cure deficiencies, the court may order dismissal without leave to
14 amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with
15 prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order
16 dismissing claim with leave to amend).

17 **B. Discussion**
18 Defendants argue, and the court agrees, that Mr. Preciado does not state a claim.

19 *1. No Requirement to Possess Promissory Note*
20 Mr. Preciado's claims are based on the allegations that Defendants do not possess the
21 promissory note and "have failed to provide a debt instrument, (the Note) . . . ." Complaint, ECF
22 No. 1 at 22. California law does not require possession of the note to proceed with a non-judicial
23 foreclosure. *Ngoc Nguyen v. Wells Fargo Bank, N.A.,* 749 F. Supp. 2d 1022, 1035 (N.D. Cal.
24 2010).

25 *2. Securitization of the Loan*
26 To the extent that Mr. Preciado is alleging that the securitization of the promissory note caused
27 Defendants to lose their right to foreclose, the Ninth Circuit and California Supreme Court have
28

8

not ruled on the issue, but the weight of persuasive authority in this district is that a plaintiff has "no standing to challenge foreclosure based on a loan's having been securitized." *Niranjan v. Bank of America,* C 12-05706 WHA, 2013 WL 1701602, at *2 (N.D. Cal. Apr. 18, 2013).

### 3. Tender Rule

Wells Fargo argues that Mr. Preciado's claim fails because he has not alleged that he is willing and able to tender the full amount that he owes. Motion, ECF No. 11 at 10-11.

Under California law, a claim for quiet title must be in a verified complaint and include: (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination under this chapter is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. *See* Cal. Code Civ. Pro. § 761.020; *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177–78 (E.D. Cal. 2010); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975–76 (N.D. Cal. 2010); *Ferguson v. Avelo Mortg., LLC*, 126 Cal. Rptr. 3d 586, 591 (2011). A requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust." *Kelley v. Mortgage Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). "Thus, it is dispositive as to this claim that, under California law, a borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property." *Rosenfeld*, 732 F. Supp. 2d at 975 (N.D. Cal. 2010) (citing *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted)).

In his complaint, Mr. Preciado stated that he "continued to make payments that were agreed until he reached a financial hardship" and "Ndex, as trustee, has refused to produce the note, when offered full payment in return for it . . . ." Complaint, ECF No. 1 ¶ 20. Liberally construing this allegation, it is possible that Mr. Preciado offered to cure the note. The court in any event would allow Mr. Preciado an opportunity to allege a credible tender.

9

### *4. Cancellation of Instrument*

The quiet title claim also lists in the caption "Cancellation of Instrument." California Civil Code § 3412 provides that court-ordered cancellation of a written instrument is appropriate if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable . . . ." Cal. Civ. Code § 3412. As stated previously, Mr. Preciado has not sufficiently alleged that the note or deed of trust is void or voidable.

### *5. Wrongful Foreclosure*

The caption also refers to "Foreclosure." Complaint, ECF No. 1 at 6. In addressing the third claim, Defendants construed "Foreclosure" as "Wrongful Foreclosure" and argued that Mr. Preciado failed to "plead the first essential element of a wrongful foreclosure settlement, *i.e., a completed* trustee's sale." Motion, ECF No. 11 at 22 (citation omitted). To the extent that Mr. Preciado is alleging wrongful foreclosure, the court agrees that Mr. Preciado failed to state a claim. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (holding that plaintiffs failed to state a claim because they did not allege that the homes were sold and in default and failed to identify damages).

### *6. Declaratory and Injunctive Relief*

Mr. Preciado's alleges a claim for declaratory relief. A declaratory relief claim requires a present and actual controversy between the parties. *See Ngoc Nguyen,* 749 F. Supp. 2d at 1035; *Cal. Ins. Guar. Ass'n v. Superior Court*, 231 Cal. App. 3d 1617, 1623 (1991). Mr. Preciado claims that "[a]n actual controversy exists between" the parties concerning the promissory note. Complaint, ECF No. 1, ¶24. This, he alleges, is also based on the fact that "Defendants do not have possession of the original promissory note" and therefore, have no standing to enforce the foreclosure. *Id.* The court already rejected these arguments. Because Mr. Preciado did not state a claim, declaratory relief is not appropriate.

Mr. Preciado's second claim for injunctive relief also fails because he does not state a claim. Complaint, ECF No. 1, ¶¶ 26-29. Injunctive relief "is a remedy, not a cause of action, and thus it must be tethered to some independent legal duty owed by the defendant." *Martone v.*

10

*Burgess,* No. C 08-2379 CW, 2008 WL 3916022, at *3 (N.D. Cal. Aug. 25, 2008); *see Marlin v. AIMCO Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007).

### 7. Qualified Privilege

To the extent that Mr. Preciado challenges Wells Fargo's statutorily-required notices or the performance of statutorily-required foreclosure procedures by Wells Fargo or NDEX, they are privileged communications under the qualified common-interest privilege of California Civil Code § 47.

Section 47 creates a qualified privilege for any communication made "without malice, to a person interested therein." Cal. Civ. Code § 47(c). This privilege applies to all torts other than malicious prosecution. *Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 29 (1997) (discussing the expansion of section 47 beyond defamation claims).

Section 2924(d) "makes the recording of the notice of default by the beneficiary, and any other statutorily authorized act of the beneficiary acting as trustee, a privileged communication under section 47." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333-334 (2008). Additionally, section 2924(b) creates a privilege for trustees: "In performing acts required by this article, the trustees shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Cal. Civ. Code § 2924(b).

Here, Mr. Preciado does not allege that Defendants acted with malice or did not rely in good faith on the information provided by the beneficiary. *See generally* Complaint, ECF No. 1. In particular, Mr. Preciado does not allege any conduct by NDEX – a trustee that recorded the notice of default as required by section 2924 – that would fall outside of the immunity afforded a trustee related to its involvement in a nonjudicial foreclosure sale. *Perez v. Wells Fargo Bank, N.A.*, No. C-11-02279 JCS, 2011 WL 3809808, at *12-*13 (N.D. Cal. Aug. 29, 2011). He fails to state a claim.

## CONCLUSION

The court **GRANTS** Defendants' motion. The state claims against Wells Fargo are

1 **DISMISSED WITH PREJUDICE** because they are preempted by HOLA. The court otherwise
2 **DISMISSES** the complaint **WITHOUT PREJUDICE** because it cannot determine that "the
3 pleading could not be cured by the allegation of other facts." *See Lopez*, 203 F.3d at 1127. Mr.
4 Preciado may file a First Amended Complaint by May 27, 2013. If he does not do so by that date,
5 the Clerk of the Court is directed to close the case on May 28, 2013.

This disposes of ECF No. 11.

**IT IS SO ORDERED**.

Dated: May 7, 2013

_____
LAUREL BEELER
United States Magistrate Judge

12